IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-01917-ZLW-KLM

THE CIT GROUP/CONSUMER FINANCE, INC.,

    Plaintiff,

v.

RICK L. ZIMMERMAN and
FIRST NATIONAL BANK OF ARIZONA,

    Defendants.

---

ORDER OF REMAND

---

The matter before the Court is Defendant First National Bank Of Arizona's Motion For An Order Remanding Case To State Court Pursuant To 28 U.S.C. § 1447(c). The Court has reviewed carefully the moving and responding papers and the applicable legal authority. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after the defendant is served with "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or

> [i]f the case stated by the initial pleading is not removable, a
> notice of removal may be filed within thirty days after receipt
> by the defendant, through service or otherwise, of a copy of
> an amended pleading, motion, order or other paper from
> which it may first be ascertained that the case is one which
> is or has become removable . . . .

1

Here, Defendant Rick L. Zimmerman (Defendant Zimmerman) was served with Plaintiff's Complaint on March 31, 2007. He thereafter was served with the First Amended Answer And Cross Claim Of Defendant First National Bank Of Arizona (Cross-claim) on August 12, 2007.[1] Defendant Zimmerman then removed the case to this Court on September 11, 2007, based upon the allegations in the Cross-claim. However, in The Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,[2] the United States Supreme Court squarely rejected the argument that a counterclaim can serve as the basis for removal jurisdiction. The Court noted that "since the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, . . . to have the cause heard in state court.'"[3] The Court held that to allow removal based upon a counterclaim would contravene that principle, since it

> would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim.[4]

---

[1] Although the Certificate Of Service attached to the Cross-claim contained in this Court's file does not indicate that the Cross-claim was served upon Defendant Zimmerman, Defendant Zimmerman states in the Notice Of Removal and in his response to the present motion that he was served with the Cross-claim on August 12, 2007.

[2] 535 U.S. 826, 830-32 (2002).

[3] Id. at 831 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987)).

[4] Id. at 832.

The rationale of The Holmes Group applies equally to cross-claims against co-defendants as to counterclaims against plaintiffs. Under The Holmes Group, Defendant Zimmerman, who was named as a defendant in the original Complaint, cannot remove this action to federal court based upon allegations or claims in the Cross-claim. Accordingly, it is

ORDERED that Defendant First National Bank Of Arizona's Motion For An Order Remanding Case To State Court Pursuant To 28 U.S.C. § 1447(c) is granted. It is

FURTHER ORDERED that this action is remanded to State Court. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __11__ day of December, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court